## COURT OF APPEALS
## DECISION
## DATED AND FILED

### December 27, 2023

Samuel A. Christensen
Clerk of Court of Appeals

### NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| Appeal Nos. | 2022AP1975 | Cir. Ct. Nos. | 2019JC133 |
|---|---|---|---|
| | 2022AP1976 | | 2019JC134 |
| | 2022AP1977 | | 2019JC135 |
| | 2022AP1978 | | 2019JC136 |

STATE OF WISCONSIN                    IN COURT OF APPEALS
                                      DISTRICT II

No. 2022AP1975

IN THE INTEREST OF J.C.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

    PETITIONER-RESPONDENT,

  V.

K.R.,

    RESPONDENT-APPELLANT.

No. 2022AP1976

IN THE INTEREST OF C.L.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

    PETITIONER-RESPONDENT,

**V.**

**K.R.,**

RESPONDENT-APPELLANT.

---

**No. 2022AP1977**

IN THE INTEREST OF E.M.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

**V.**

**K.R.,**

RESPONDENT-APPELLANT.

---

**No. 2022AP1978**

IN THE INTEREST OF G.H.R., A PERSON UNDER THE AGE OF 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,

PETITIONER-RESPONDENT,

**V.**

**K.R.,**

RESPONDENT-APPELLANT.

---

APPEALS from orders of the circuit court for Manitowoc County: MARK R. ROHRER and JERILYN M. DIETZ, Judges. *Affirmed*.

¶1    GUNDRUM, P.J.[1] In these consolidated appeals, K.R. appeals from November 2022 orders of the circuit court amending the permanency plans for his children, J.R., C.R., E.R., and G.R., under children in need of protection or services [CHIPS] dispositional orders.[2] For the following reasons, we affirm.

## *Background*

¶2    On December 20, 2019, Manitowoc County Human Services Department took physical custody of K.R.'s children and three days later filed requests for temporary physical custody as well as CHIPS petitions alleging they were in need of protection or services pursuant to WIS. STAT. §§ 48.13(3m) and 48.13(10m), respectively relating to K.R.'s children being at substantial risk of abuse and neglect. A court commissioner granted the requests for temporary physical custody. On December 23, 2019, the County filed a petition for protection or services for each of the children.

¶3    On February 18, 2020, the County filed a permanency plan, and in June 2020, it filed another such plan in each of the cases. Also in June 2020, the County filed amended CHIPS petitions and/or second amended CHIPS petitions alleging jurisdiction under WIS. STAT. § 48.13(4) after K.R. entered a no contest

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The Honorable Jerilyn M. Dietz presiding as to C.R., E.R., and G.R. and the Honorable Mark R. Rohrer presiding as to J.R. Throughout this opinion, our use of "the circuit court" and "the court" sometimes refers one court and sometimes to both courts.

plea. Jurisdiction under § 48.13(4) is established when a "parent or guardian signs the petition requesting jurisdiction under this subsection and is unable or needs assistance to care for or provide necessary special treatment or care for the child." On June 25, 2020, the circuit court entered dispositional orders that transferred legal custody of K.R.'s children to the County and adopted the conditions for return enumerated in the County's amended disposition reports. K.R. did not contest the disposition of his children.

¶4 On December 7, 2020, the circuit court adopted and ordered permanency plans with regard to K.R.'s children. On January 21, 2021, the County requested to amend the dispositional orders to suspend K.R.'s visitation with his children due to concerns with his behavior. Following hearings, the court granted the County's request and suspended K.R.'s visitation. The court held hearings to extend the dispositional order of J.R. on July 12, 2021, and the dispositional orders of C.R., E.R., and G.R. on July 20, 2021. The court extended the orders and held that K.R.'s visitation should continue to be suspended.

¶5 In October 2022, the County filed requests to review the permanency plans in each of the cases. On November 8, 2022, the court held a hearing for C.R., E.R., and G.R. and a separate hearing for J.R. That same day, the court entered amended permanency plans for C.R., E.R., and G.R., and on November 9, the court entered an amended permanency plan for J.R. The docket sheet in each of the cases indicates that all of the parties agreed that the court should adopt the permanency plans. K.R. did not file transcripts from the November hearings. K.R. appeals from the November 2022 permanency plans.

*Discussion*

¶6      As the County notes in its response brief, "[i]t is entirely unclear the basis on which K.R. is challenging the [p]ermanency [p]lans" as his brief "is a jumbled word salad without connection to law, fact, or reality." K.R. complains that he was discriminated on the basis of his sex and disability, his right to due process was violated, the court failed to appoint him a guardian ad litem, and the court prohibited his guardian from attending hearings. None of these complaints seem to relate to the permanency plans.[3] As we stated in a May 10, 2023 order, "Our review in this case is limited to the circuit court's November 2022 orders instituting permanency plans for [K.R.'s] children J.R., C.R., E.R, and G.R."

¶7      Additionally, K.R.'s briefs do not comply with several rules of appellate procedure. K.R.'s moving brief fails to include a "statement of the issues presented for review and how the [circuit] court decided them," a statement of the case, including "a statement of facts relevant to the issues presented for review, with appropriate references to the record," and a signature as required by WIS. STAT. RULE 809.19(1)(b), (d) and (h). Although K.R. cites to limited statute sections in WIS. STAT. ch. 48, he fails to cite any other legal authority and fails to support his arguments with the statutes or citations to the record, which is

---

[3] The record on appeal does not contain the transcripts of the permanency plan hearings. As the appellant, it was K.R.'s "responsibility to ensure completion of the appellate record." *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted). "[I]n the absence of a transcript we presume that every fact essential to sustain the circuit court's decision is supported by the record." *Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). Thus, even if K.R.'s complaints somehow relate to the permanency plans, we would assume the missing transcripts support the circuit court's rulings. *See id.*

required. *See* RULE 809.19(1)(e) (an appellant must support his or her arguments "with citations to the authorities, statutes and parts of the record relied on"). An appellant must develop his or her arguments by applying the legal authorities cited to the facts of the case. *See id.* Although K.R. is pro se, his briefs must still comply with these procedural requirements. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the court. They are bound by the same rules that apply to attorneys on appeal.").

¶8      On appeal, it is the appellant's (here K.R.'s) burden to demonstrate that the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. K.R. fails to develop any arguments to demonstrate how the circuit court erred, and "[w]e will not address undeveloped arguments." *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768; *see also State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority). An appellate judge cannot properly serve as both advocate and judge, *see id.* at 647, and thus, it is inappropriate for us to "abandon our neutrality to develop arguments" for K.R., *see Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. *See also Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 ("[Appellate courts] do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case." (citation omitted)). Having failed to develop any legal arguments to demonstrate how the circuit court may have erred, K.R. has failed to meet his burden as the appellant; thus, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.